IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BOBBY HERRON**                                                                            **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 4:25-CV-00011-MPM-JMV**

**LINDA DURR, DIRECTOR OF MDOC RECORDS DEPT, et al.**        **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the *pro se* petition of Bobby Herron, for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents have moved to dismiss the petition for failure to state a cognizable claim for federal habeas relief or, in the alternative, for failure to exhaust available state-court remedies. Petitioner failed to respond to the motion, and the matter is now ripe for resolution. For the reasons set forth below, Respondents' motion will be granted, and the instant petition will be dismissed.

**Procedural Background**

Petitioner Bobby Herron is currently in the custody of the Mississippi Department of Corrections ("MDOC") and housed at the Mississippi State Penitentiary located in Parchman, Mississippi. Doc. #s 1, 5. On April 29, 2003, a Grand Jury in the Circuit Court of Monroe County indicted Herron for "malice aforethought or deliberate design" murder. Doc. # 16-1; *see also* Doc.# 15-1 at 10. A jury trial began on February 17, 2004, and concluded on February 18, 2004, at which time the jury found Herron guilty of deliberate-design murder. Doc. #s 15-2 at 2-153, 15-3, 15-4 at 1-19; *see also* Doc. # 16-2. Thereafter, the Monroe County Circuit Court sentenced Herron "to a term of life" in MDOC custody. Doc. # 16-2 at 2. On direct appeal, the Mississippi Court of Appeals affirmed Herron's conviction and sentence in an opinion entered on April 4, 2006, and the Mississippi Supreme Court denied certiorari review. *Herron v. State*, 941 So. 2d 834 (Miss. Ct. App. 2006), *reh'g denied*, Aug 1, 2006, *cert. denied*, Nov. 2, 2006); *see also* Doc. # 16-3.

On July 29, 2021, Herron submitted a "Petition for Parole Eligibility Pursuant to Mississippi Code Annotated § 47-7-3" in the Monroe County Circuit Court. Doc. # 16-4. The circuit court entered an order denying Herron's petition for parole eligibility on August 10, 2021. Doc.# 16-5. The circuit court found that Herron's murder conviction, a crime of violence, precluded him from parole eligibility under Miss. Code Ann. § 47-7-3(1)(h)(iv). Doc. # 16-5 at 2.

On May 18, 2022, Herron signed and submitted a "Petition for Recommendation for Eligibility for Parole under Miss. Code Ann. 47-7-3(1)(g)(i) Applying to Miss. Code Ann. 97-3-2(1)" in the Monroe County Circuit Court. Doc. # 16-6. The circuit court entered an order denying Herron's petition for recommendation for parole eligibility on September 12, 2022. Doc. # 16-7. Within that order, the circuit court first reasoned that it lacked jurisdiction over the matter because the Mississippi Parole Board has "exclusive authority over the grant or denial of parole." *Id.* at 2 (quoting *Wilde v. State*, 303 So. 3d 792, 795 (Miss. Ct. App. 2020)).

The circuit court then went on to repeat its previous conclusion that Herron's "violent" murder conviction rendered him "ineligible for parole authorization pursuant to Section 47-7-3(1)(h)(iv)." *Id.* at 3. The circuit court acknowledged Herron's argument that his crime of violence "should be parole eligible once he has served fifty percent or twenty years, whichever is less, pursuant to Miss. Code Ann. § 47-7-3(1)(h)(i)(2)" but explained that was not true because "it expressly does not apply to [his] murder conviction." *Id.* at 2, n.2.[1] On September 26, 2022, Herron signed and submitted a "Motion to Reconsider" the circuit court's denial of his motion. Doc.# 16-8. Soon thereafter, on October 10, 2022, the circuit court entered an order denying his motion to reconsider, once again

---

[1] The circuit court expounded that "[w]hile that section does apply to crimes of violence committed after June 30, 1995, it expressly does not apply to [Herron]'s murder conviction. *See* Miss. Code Ann. § 47-7-3(1)(h)(i) ('except as provided in paragraphs (a) through (g) of this subsection, offenders may be considered eligible for parole release . . . .'). As previously cited, paragraph (d)—which falls between (a) and (g)—deems [Herron] ineligible for parole." Doc. # 16-7 at 2, n. 2.

2

finding that Herron's crime of violence, murder, rendered him ineligible for parole under § 47-7-3(1)(h)(iv). Doc. # 16-9.

Herron submitted a "Motion for Post-Conviction Relief" ("PCR Motion") which was stamped as "Filed" in the Mississippi Supreme Court on August 7, 2023.[2] Doc. # 15-9 at 16-20. In the motion, Herron asserted that the "trial court imposed an illegal sentence of 'life' with no option of parole and denying [him] of his Due Process rights." *Id* at 16-17. Herron further alleged that he "is eligible for parole" and asked "that MDOC be required to bring him in front of the Parole Board for their consideration to grant him parole." *Id.* at 18-19. On February 21, 2024, the Mississippi Supreme Court entered an Order denying Herron's PCR Motion finding that his claims were both "time- and successive-writ-barred, and fail[ed] to meet any exceptions thereto." *Id.* at 11; *see also* Doc. # 16-10. Herron filed a "Motion for Rehearing" on March 7, 2024, re-urging his parole eligibility request. *Id.* at 4-5. On March 11, 2024, the Mississippi Supreme Court entered an Order denying Herron's motion for reconsideration, finding that he was "not entitled to such reconsideration" under the state appellate rules. *Id.* at 2; *see also* Doc. # 16-11.

On August 5, 2024, Herron submitted an MDOC Administrative Remedy Program ("ARP") grievance "[c]hallenging the validity of [his] Inmate Time Sheet . . . because it [did] not reflect a 'parole eligibility date.'" Doc. # 16-13 at 2. Herron argued that he was sentenced to "life" not "life without parole" and challenged MDOC's "jurisdiction or authority to [not] provide [him] with a [p]arole [e]ligibilty [d]ate." *Id.* MDOC issued a First Step Response on September 13, 2024, explaining that "[m]urder is a day for day charge, that is not eligible for parole." *Id.* at 5. Dissatisfied with the first step response, Herron proceeded to step two on October 20, 2024, and argued that newly enacted Mississippi legislation made him eligible for parole consideration. *Id.* at 8-10. MDOC issued

---

[2] Herron filed six PCR Motions in the Mississippi Supreme Court challenging his underlying conviction and sentence, *see* Doc. # 16-12, but only this last one is arguably relevant to the instant petition.

3

a Second Step Response on December 13, 2024, advising Herron that the legislation "didn't make [his] crime eligible. It required the parole board to solicit recommendation from certain individuals before a parole hearing and to notify certain individuals within a set period of time before a parole hearing." *Id.* at 12. Herron acknowledged receipt of the Second Step Response on December 30, 2024, but did not seek further judicial review. *Id.* at 13.

Herron initiated these proceedings by filing a civil rights complaint under 42 U.S.C. § 1983 on January 22, 2025. Doc. # 1. Due the nature of the relief sought, on January 23, 2025, the Court entered an Order construing the pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and converted it accordingly. Doc. # 4. Keeping with a Court directive, Herron submitted an amended petition for habeas relief under § 2241 on February 18, 2025. Doc. # 5. In said petition, Herron raises two grounds for relief (as summarized by the Court):

> Ground One: MDOC is violating Herron's Equal Protection rights by denying his request for parole eligibility because, according to Herron, applicable Mississippi statutory authority now renders him parole eligible.
>
> Ground Two: Herron is subject to an Ex Post Facto violation because his conviction and sentence have been calculated under a statutory scheme making him ineligible for parole when we believes he otherwise would have been eligible.

*Id.* at 6-9. By way of relief, Herron asks this Court to "find that [he] does qualify for parole consideration under 47-7-17(3) and issue an order for [MDOC's] records dep[artmen]t to forward his master file to the parole board to start the screening process under 47-7-17." *Id.* at 10. On March 21, 2025, the Court entered an Order directing Respondents to answer Herron's petition on or before June 4, 2025. Doc. # 11. In turn, on June 4, 2025, Respondents moved to dismiss Herron's petition for failure to state a cognizable claim for federal habeas corpus relief or, in the alternative, for failure to exhaust available state-court remedies. Doc. # 16. To date, Herron has failed to file a response to the motion, and the matter is now ripe for resolution.

4

**Failure to State a Cognizable Claim for Federal Habeas Relief**

Respondents first argue that Herron fails to state a cognizable claim for federal habeas relief. Herron's petition stems entirely from his belief that recently enacted Mississippi legislation renders him eligible for parole.

To state a cognizable claim for federal habeas relief, Herron must allege that he has been "deprived of some right secured to him by the [United States] Constitution or laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). Herron's eligibility for parole, however, is determined by Mississippi law. *See* Miss. Code Ann. § 47-7-3. Because parole in Mississippi is discretionary, "prisoners in the state have no liberty interest in parole" or in "an expectation of receiving" a parole hearing. *Wansley v. Mississippi Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).

Federal habeas corpus petitions "based on any argument that state courts are incorrectly applying their own law [] is not a basis for [federal habeas] relief." *Id.* (citations omitted). *Id.* (citing *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) ("the proper interpretation of state law is not cognizable in federal habeas proceedings")). It cannot be disputed that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

In sum, Herron's claim(s) challenging the denial of parole eligibility and/or the calculation of his eligibility for parole is premised entirely on Mississippi law. As such, "[a]ny relief [that Herron] is entitled to under Mississippi law must be obtained in the courts of that state." *Id.* at 313. Thus, Herron has failed to allege the deprivation of any constitutional or federal right. Accordingly, the Court finds that Herron has failed to state a cognizable claim for federal habeas corpus relief and that his petition should be dismissed with prejudice.

**Exhaustion of State Court Remedies**

Respondents additionally argue that dismissal is appropriate because Herron failed to exhaust available state court remedies prior to filing this action. While 28 U.S.C. § 2241 contains no statutory exhaustion requirement, the Fifth Circuit Court of Appeals has instructed that a judicially crafted requirement of exhaustion of state court remedies applies to § 2241 petitions. *See Dickerson v. State*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-91 (1973). The Fifth Circuit further expounded that, for § 2241 proceedings, "federal courts should abstain from the exercise of jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citations omitted).

The exhaustion requirement is satisfied when a petitioner has presented his claims to the state's highest court in a procedurally proper manner and provided the highest state court with a fair opportunity to pass upon the claims. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). Mississippi law provides that, to the extent that a prisoner seeks relief based on alleged miscalculations on his time sheet, he should pursue those challenges through the statutorily authorized administrative channels. *See* Miss. Code Ann. § 47-5-803; *see also Easterling v. State*, 283 So. 3d 1198, 1200 (Miss. Ct. App. 2019) (explaining that "[a]n inmate must challenge MDOC's calculation of credit for time served by obtaining a final ARP decision and then seeking judicial review . . .")(citation omitted).

As explained above, while Herron completed both the First and Second Steps of MDOC's ARP process, he did not seek judicial review of the denial of his ARP grievance.[3] And though Herron did seek

---

[3] The Court acknowledges that Herron did file a PCR Motion in the Mississippi Supreme Court raising parole eligibility-related claims and the state appellate court denied those claims as both untimely and successive. *See* Doc. # 16-10. To the extent that those claims could be construed the same as those raised here, they would be precluded from review under the doctrine of procedural bar *See Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001).

authorization for parole in the Monroe County Circuit Court, those orders denying his requests were not appealable judgments. Given these circumstances, Herron has not yet raised these claims *in a procedurally proper manner* in the state's highest court, the Mississippi Supreme Court. To be sure, he still has an available remedy to exhaust his parole-eligibility claims. *See Odom v. Miss. Dep't of Corr.*, 201 So. 3d 1114, 1116 (Miss. Ct. App. 2016) (citing *Keys v. State*, 67 So. 3d 758, 760 (Miss. 2011) (explaining that an inmate may "pursue a question regarding parole eligibility date by way of the MDOC's ARP" or "as an original action in a circuit court"); *Krecic*, 2023 WL 2709725 at *3 (confirming that a parole eligibility claim is cognizable under Mississippi's post-conviction collateral relief act). Herron's failure to exhaust available state court remedies, therefore, requires dismissal of the instant federal habeas corpus petition. *See Dickerson*, 816 F.2d at 225.

## Conclusion

For the reasons set forth herein, Respondents' Motion [16] to Dismiss will be **GRANTED**, and the instant petition for a writ of habeas corpus will be **DISMISSED with prejudice**. A separate judgment in accordance with this opinion and order will enter this day.

**SO ORDERED**, this the 1st day of July, 2025.

    /s/Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**